IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| ANAISSA B. GERWALD, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV214-064 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA and JEFFREY BUERSTATTE, | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Anaissa Gerwald ("Gerwald"), who was formerly incarcerated at the McIntosh County Jail in Darien, Georgia, filed this cause of action pursuant to 28 U.S.C. § 2241. A review of Gerwald's petition, as supplemented, indicates that she is challenging her conviction obtained in Case Number CR411-249. Shortly after Gerwald filed this petition, she was released from the Bureau of Prisons' custody. Based on the following, Gerwald's petition should be **DISMISSED**.

**STATEMENT OF THE CASE**

Gerwald was convicted, after entering a guilty plea, in the Savannah Division of this Court of providing false statements in bankruptcy and bankruptcy fraud, in violation of 18 U.S.C. §§ 152(2) & (3). The Honorable William T. Moore, Jr., sentenced Gerwald to 28 months' imprisonment, to be served concurrently with her sentence from an underlying indictment arising from the District of Oregon. (Case Number CR4:11-249,

Doc. No. 55). Gerwald filed two (2) motions to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, both of which were dismissed after Judge Moore adopted the recommendations of United States Magistrate Judge G.R. Smith. (Id. at Doc. Nos. 159, 182). Gerwald filed another § 2255 motion after she filed this cause of action, and Magistrate Judge Smith recommended this motion be dismissed as an unauthorized second or successive § 2255 motion. Judge Moore adopted this recommendation as the opinion of the Court. (Id. at Doc. Nos. 194, 198).

In this petition, Gerwald asserts that her plea agreement was obtained by fraud.

## DISCUSSION AND CITATION TO AUTHORITY

To utilize § 2241 to attack the validity of a federal sentence or conviction, a petition must show that the remedy afforded under section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial



AO 72A
(Rev. 8/82)

correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "recently retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, "Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in [her] first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of [her] claim until [s]he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to [her] claim." Id. (citation omitted).

Gerwald has failed to show that section 2255 is inadequate or ineffective to challenge her conviction. Simply because Gerwald's claims were rejected in her previously-filed motions, this does not mean that the remedy afforded by § 2255(e) is

inadequate or ineffective. Gerwald does not satisfy the savings clause of § 2255(e) and cannot proceed on the merits of this section 2241 petition.

**CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that Gerwald's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of September, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev. 8/82)